UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DERRICK L. WALKER,
    Plaintiff,

vs.                                          Case No.: 1:22cv00133/RH/ZCB

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this case by filing a civil rights complaint. (Doc. 1). Exercising its statutory screening obligation under 28 U.S.C. § 1915(e)(2)(B), the Court has issued three orders that identified deficiencies in Plaintiff's prior pleadings and ordered him to either amend the pleadings or voluntarily dismiss the case.[1] (Docs. 5, 8, 10). Plaintiff has now filed a third amended complaint. (Doc. 11). The Court has screened the third amended complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.

---

[1] A plaintiff should be provided with "at least one chance to amend the complaint before the district court dismisses the action." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

1

*See* 28 U.S.C. § 1915(e)(2)(B). For the reasons below, dismissal is warranted because the third amended complaint fails to state a claim upon which relief may be granted and seeks monetary relief from immune defendants.

## I.   Background

Plaintiff's third amended complaint names twelve Defendants: Dr. Jessica Megan Greer, Nurse Tom Corriera, Investigator Bill Grontjahn, Medical Examiners Commission Chief Victoria Koenig, Gainesville Police Department Officer Megan Krystine Griffis (Bostick), Chief of Police Tony Jones, Assistant State Attorney Marc Peterson, Mayor Lauren Poe, Governor Ron DeSantis, the State of Florida, the University of Florida Board of Trustees, and the City of Gainesville. (Doc. 11 at 9). Plaintiff's allegations stem from a traffic accident that occurred on March 7, 2017. (*Id*. at 10). After a police investigation, Plaintiff was found to be at fault for the accident. (*Id*.). It appears that the accident resulted in the death of a pregnant woman and her unborn child. (*Id*. at 13).

The third amended complaint alleges that the police investigation, led by Defendant Bostick, was tainted by misconduct and fraud. According to Plaintiff, the entire investigation was a "conspiracy" where Defendants placed "their own pecuniary interests ahead of the welfare and economic safety" of Plaintiff. (*Id*. at 15). Plaintiff alleges that during the investigation, Defendant Bostick violated

numerous Gainesville Police Department policies. (*Id*. at 10-11). Plaintiff further claims that Defendants Grontjahn, Greer, and Corriera, of the District 8 Medical Examiner's Office, committed a variety of errors in their investigation into the death of the pregnant woman and her unborn child. (*Id*. at 13-14). As best the Court can tell, the other named individual Defendants—such as the Mayor of Gainesville (Defendant Poe), the Chief of the Gainesville Police Department (Defendant Jones), the Assistant State Attorney (Defendant Peterson), and the Governor of Florida (Defendant DeSantis)—are alleged to have negligently retained and supervised the employees involved in the accident investigation. (*Id*. at 14-15). And (again, as best the Court can tell) the entities that employed these individuals—Defendants State of Florida, City of Gainesville, and University of Florida Board of Trustees—are allegedly responsible for the actions of their employees. (*Id*. at 16-17).

According to the third amended complaint, Defendants' conduct during the accident investigation violated Plaintiff's constitutional rights by depriving him of due process and denying him the equal protection of the laws. (*Id.* at 14, 17). Plaintiff further contends that Defendants committed fraud. (*Id*. at 18). As relief for his claims, Plaintiff demands $17.5 million in damages. (*Id.* at 7).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.   Discussion

### A. Plaintiff's third amended complaint seeks relief from immune defendants.

As the Court has previously instructed Plaintiff, the doctrine of state sovereign immunity prevents actions for monetary damages against the State of Florida, its agencies, and its employees in their official capacities.  (*See* Doc. 8 at 12, Doc. 10 at 9-10 n. 3); *see Zatler v. Wainwright*, 802 F.2d 397, 400 (1986) (explaining "it is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damages suits," and "Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages").  Despite the Court's prior instructions, Plaintiff's third amended complaint seeks monetary damages from the State of Florida, as well as state employees (such as Governor DeSantis and Assistant State Attorney Peterson) in their official capacities.  (Doc. 11 at 3, 9).  Because such claims are barred by the doctrine of state sovereign immunity, they should be dismissed.  *See Selensky v. Alabama*, 619 F. App'x 846, 849 (11th Cir. 2015) (affirming dismissal of § 1983 damages action against state because of sovereign immunity).

### B. Plaintiff's third amended complaint fails to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment.

Dismissal of the third amended complaint is warranted because Plaintiff has failed to plausibly allege a violation of the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires the government "to treat similarly situated people alike." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006). To state a claim under the Equal Protection Clause, a plaintiff must allege that he is "similarly situated" to individuals "who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (cleaned up). A plaintiff must also allege that the defendant intentionally discriminated against him. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

The Equal Protection Clause is also implicated in "class of one" claims. *Campbell*, 434 F.3d at 1314. A "class of one" claim does not allege discrimination against a protected class; rather, it alleges that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (cleaned up). The same "similarly situated" standard applies whether an

equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204-05. A similarly situated showing "requires some specificity." *Campbell*, 434 F.3d at 1314. Similarly situated "comparators must be *prima facie* identical in all relevant respects." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1264 (11th Cir. 2010) (cleaned up); *see also Davis v. Houston Cnty, Ala. Bd. Of Educ.*, 291 F. App'x 251, 251 (11th Cir. 2008) ("Two individuals are 'similarly situated' if the quantity and quality of the comparator's misconduct is 'nearly identical' to the individual raising the discrimination claim."). It is well settled that "[d]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." *E&T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987).

Looking to Plaintiff's third amended complaint, he has not stated a plausible equal protection claim. For one, Plaintiff has failed to sufficiently allege that he was similarly situated to the comparator who he claims was treated more favorably by Defendants. Plaintiff (an African American male) is claiming that he was treated differently than another driver (a Caucasian female) who he says was actually at fault for the accident. (Doc. 11 at 17). The third amended complaint fails to adequately explain how he and the other driver were "*prima facie* identical in all

7

relevant respects," or that the "quantity and quality" of their driving was "nearly identical." *See Davis*, 291 F. App'x at 251.

Additionally, Plaintiff has provided nothing more than his conclusory statements that Plaintiff was "discriminated" against "based on his race and gender" during the accident investigation. (Doc. 11 at 17); *see Mohit v. City of Haines*, 845 F. App'x 808, 812 (11th Cir. 2021) (finding that the plaintiff "failed to allege, beyond conclusory statements, any discriminatory animus" to support an equal protection claim). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977). And there is nothing in the third amended complaint that is sufficient to "support[] a reasonable inference of intentional discrimination," *Ford v. Strange*, 580 F. App'x 701, 713 (11th Cir. 2014), based on Plaintiff's race or sex. Because Plaintiff has failed to plausibly allege a violation of the Equal Protection Clause, dismissal is warranted. *See Austin v. City of Montgomery*, 353 F. App'x 188, 191 (11th Cir. 2009) (dismissing an equal protection claim arising out of alleged differential treatment during a car accident investigation).

**C. The third amended complaint fails to state a claim for relief under the Due Process Clause of the Fourteenth Amendment.**

Additionally, the third amended complaint fails to plausibly allege a due process claim under the Fourteenth Amendment. A Fourteenth Amendment due process claim requires a plaintiff to establish: "(1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson Cnty. v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993).

Plaintiff claims that Defendants violated his due process rights by failing to adequately investigate a car accident. That claim necessarily fails because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (rejecting a due process claim alleging an inadequate investigation into a car accident because the plaintiffs did not have "a legitimate claim of entitlement to a police investigation, much less an investigation conforming with certain minimal standards"); *Jacobs v. Mass. State Police*, No. 1:19-cv-12262, 2021 WL 848025, at *3 (D. Mass. Mar. 5, 2021) (cleaned up) (rejecting a due process claim involving the failure of police officers to adequately investigate a car accident because "the failure of police officers to conduct an adequate investigation is not sufficient to state a civil rights claim under [s]ection 1983 unless there was another recognized constitutional right

9

involved"); *A.J. ex rel. Dixon v. Tanksley*, 94 F. Supp. 3d 1061, 1071 (E.D. Mo. 2015) (dismissing a due process claim involving an accident investigation and stating "[t]here is no constitutional right to an accurate police report"). Because Plaintiff has not sufficiently alleged a constitutionally protected interest that was violated by Defendants, his due process claim should be dismissed.

### D. Plaintiff's state law fraud claim should be dismissed.

In addition to his equal protection and due process claims, Plaintiff has asserted a state law fraud claim. (Doc. 11 at 18). This Court's jurisdiction over this case was based on the presence of a federal question—i.e., Plaintiff's assertion of equal protection and due process claims under the Fourteenth Amendment. Because those claims should be dismissed for failure to state a claim, the Court may decline to exercise supplemental jurisdiction over Plaintiff's pendent state law fraud claim. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). The Eleventh Circuit has stated that "if the federal claims are dismissed prior to trial," the district courts are "strongly encourage[d]" to decline to exercise supplemental jurisdiction over the state law claims. *Id*. "Elimination of federal law claims at an early stage of the litigation is a powerful reason to choose not to exercise jurisdiction" over pendent state law claims. *Frederick v. Lafont*, No. 3:16-cv-35, 2016 WL 11745553, at *3 (N.D. Fla. Dec. 16, 2016) (cleaned up). Under the circumstances of this case,

the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law fraud claim.[2]

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED**:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim on which relief may be granted and for seeking monetary relief against a defendant who is immune.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 3rd day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate**

---

[2] It bears noting that the state law fraud claim is also subject to dismissal because it fails to meet the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b). *See generally Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (recognizing that Rule 9(b) requires that all fraud claims "be stated with particularity").

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**